**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4050**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY BERNARD ALEXANDER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00202-MOC-DSC-1)

———————

Submitted:  July 20, 2023                                    Decided:  July 25, 2023

———————

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Tony B. Alexander, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Bernard Alexander appeals the district court's order revoking his supervised release and sentencing him to time served and a 12-month term of supervised release. We affirm.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). "This standard requires only that the existence of a fact be more probable than its nonexistence." *Doctor*, 958 F.3d at 234 (internal quotation marks omitted). We review for clear error a district court's factual determinations underlying its conclusion that a violation of supervised release occurred. *Id.* When factual findings are based on the credibility of witnesses, we afford "great deference" to the district court's determinations. *Id.*

At the revocation hearing, the district court found that Alexander willfully violated the conditions of supervised release when he refused to sign the chain of custody form for his positive drug test and failed to follow the probation officer's instructions. In making this finding, the district court expressly found that the probation officer's testimony was more credible than Alexander's testimony. We discern no clear error in the district court's findings and conclude that the district court did not abuse its discretion in revoking Alexander's supervised release. *See* 18 U.S.C. § 3583(e); U.S. Sentencing Guidelines Manual § 7B1.3(a)(2), p.s. (2018).

2

Turning to Alexander's revocation sentence, a district court has "broad discretion" when imposing a sentence on revocation of supervised release. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will uphold "a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). Alexander's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. We first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e).

We conclude that Alexander's sentence is procedurally reasonable. The district court properly calculated the 5- to 11-month advisory policy statement range for the revocation term of imprisonment and correctly determined the 24-month maximum authorized supervised release term. The court also considered the relevant statutory factors and explained its rationale for imposing a sentence of time served and for requiring Alexander to serve a 12-month term of supervised release in light of Alexander's history

3

of noncompliance.    Alexander has presented no evidence or argument sufficient to overcome the presumption of reasonableness afforded to his below-policy-statement-range prison term,  *see United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (providing standard), and he has not otherwise established that the revocation sentence is plainly unreasonable.

We therefore affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*